ERNESTINA GIROD LUBE ET AL., Plaintiffs and Appellees, *v.* HILDA ORTÍZ ROLÓN ET AL., Defendants and Appellants.

No. CE-64-44.      Decided April 21, 1965.

*Carlos J. Irizarry Yunqué* for appellants. *Ubaldo Aponte* for appellees.

Division composed by Mr. Acting Chief Justice Pérez Pimentel, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

## JUDGMENT

The opinion and judgment entered on July 19, 1962 by the District Court, Guayama Part, in a civil action initiated in 1960, show that on November 1, 1961 a hearing was held at which all the litigating parties were present except the "third-party defendant," Vicente Colón Morales, who had been summoned in the suit to answer for his warranty against eviction. His nonappearance was due to the fact that he was ill, "and the Court moved to his residence where he testified." It should be stated that Colón had acquiesced to plaintiffs' request and that in the written allegations submitted he practically admitted all the facts alleged in the complaint. The hearing was continued on December 27 when some documentary evidence was received. The judge said, "On the basis of all the documentary evidence recited and of the testimony introduced [*sic*] by Vicente Colón Morales, the parties submitted the case. . . ." The complaint was dismissed.

On August 20, 1962, the plaintiffs, represented by an attorney other than the one who took part at the hearing, filed an appeal. Within the following 5 days they did not inform the court that they planned to prepare a transcript of evidence. Rule 54.11(b). On November 5 it was ordered that the original record be sent up to the Superior Court. In an incident on the dismissal of the appeal, the appellants called attention to the fact that the district judge had not attached a written statement of all that had happened in the case, and requested that he be ordered to do so. It was so ordered. The respondent judge entered an order stating that he had not prepared the statement of the case because the judgment had been based on the documentary evidence submitted by the parties "and that the only evidence introduced was the testimony of Vicente Colón Morales . . . who supported substantially the allegations of the plaintiffs and further stated . . . that he did not give credit to Colón's testimony." In view thereof the appellants reiterated their request that Judge Filiberto Santiago be ordered to prepare the statement. Specifically in a motion dated March 29, 1963 (Record, page 96), it is said: "That the only thing the plaintiffs-appellants request is that upon preparing the Statement of the Case the judge give a detailed account of the testimony given by said Vicente Colón Morales, which was considered by the trial court in deciding the case."

On August 13 Judge Santiago prepared the statement of the case in which he merely included the testimony of the witness mentioned after making clear that the court "at the request of the plaintiffs held court at the residence of Vicente Colón Morales, Barrio Grand Stand, Guayama, because it was alleged that said witness was sick." The statement is long and detailed. No amendments or corrections were requested.

On September 1 appellants requested that the judgment be vacated and a new trial be granted on the ground that

Colón's testimony had not been recorded as required by the Rules governing the Appeals from the District Court to the Superior Court. It was so decided by the Superior Court.

■ ■ It is true that Rule 2 of said rules (*Práctica Forense Puertorriqueña*, Vol. 1, p. 418) provides that unless at the commencement of the trial or in the course thereof the parties waive their right to have the proceedings recorded mechanically, the presiding district judge shall order the entire proceeding to be recorded mechanically. But nothing requires this waiver to be express. It may be tacit, as in this case. The petition of the original attorney of the plaintiffs to obtain the testimony of a witness favorable to his cause outside the court's premises because of illness is tantamount to an implicit waiver of the recording of the testimony.

As no objections were made to the statement prepared by Judge Santiago, it is appropriate for the Superior Court to take cognizance of the appeal on the basis of the record sent to it.

The order of the Superior Court, Guayama Part, of December 1, 1964 is hereby overruled and the case remanded for the continuation of the proceedings.[1]

It was so decreed and ordered by the Court as witnesses the signature of the Chief Justice.

(s) Luis Negrón Fernández
*Chief Justice*

I attest:

(s) Ignacio Rivera
*General Secretary*

---

[1] In view of the long time elapsed preference should be given, to the extent the Court calendar permits, to the decision of this appeal, once the parties have submitted the corresponding briefs.